**Jovan LALIC, Plaintiff,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, a corporation, Defendant.**

**No. 62 C 1888.**

United States District Court
N. D. Illinois, E. D.

Feb. 20, 1967.

Philip H. Corboy, Chicago, Ill., for plaintiff.

William G. Clark, Atty. Gen. of Illinois, Chicago, Ill., for intervenors Illinois Department of Public Aid and Cook County Department of Public Aid.

C. W. Krohl, T. G. Schuster, Charles F. White, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NAPCLI, District Judge.

This cause is before the Court on plaintiff's motion to adjudicate liens claimed by the Cook County Department of Public Aid and the Department of Public Aid of the State of Illinois on the proceeds of a settlement between plaintiff and the defendant, Chicago, Burlington & Quincy Railroad Company, on a suit brought under the Federal Employers' Liability Act for an alleged injury to plaintiff while in the course of employment with the defendant. While disabled as a result of this injury, the plaintiff received over $3,000 in disability assistance from the Illinois Department of Public Aid. His wife, in her own name, for herself and her children, received over $11,000 in Aid to Dependent Children benefits from the Cook County Department of Public Aid. Each agency claims a lien on the respective amounts, pursuant to Illinois Revised Statutes, Chapter 23, Sections 414 and 819, which grant a lien to the Departments upon proceeds resulting from causes of action for injuries to the recipient of benefits, in the amount of assistance paid from the date of injury to the date of recovery.

The intervening petition was filed after plaintiff and defendant had agreed on a settlement. The court finds that the intervening petition has nevertheless been timely filed, and that both agencies are entitled to intervene under Rule 24 of the Federal Rules of Civil Procedure. Grieves v. Levy, D.C., 238 F.Supp. 759 (1965). Due to the nature of the requested intervention, no prejudice, harm or burden to plaintiff is apparent. Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper at any time before final judgment. Validity of the lien is a moot question in such cases until the right to recover has been established.

The court also finds that the Illinois Statute creating the lien, Ch. 23 Illinois Revised Statutes, Sections 414 and 819, is not unconstitutional because it excludes from its coverage proceeds recovered under the Workmen's Compensation Act, the Workmen's Occupational Diseases Act, and the Wrongful Death Act, or because it limits the scope of the lien to proceeds recovered in actions for personal injury. Plaintiff's contention that the statute is an arbitrary and unreasonable regulation, and that it denies equal protection of the law, was considered and rejected in Donoho v. O'Connell's, Inc., 18 Ill.2d 432, 164 N.E.2d 52 (1960) where the classifications and exceptions in the statute were found to be reasonable.

The Court finds no merit in plaintiff's contention that the lien, if applicable here, would prevent the uniform application of the Federal Employers' Liability Act throughout the states. Plaintiff's federal right to recover is not being cut down by state law here, since the amount of the lien represents payments previously made either directly to plaintiff, or to his family, enabling him to fulfill his legal duty to support them. By enacting public assistance legislation, the State of Illinois in effect permits claimants to anticipate their recovery for injuries. Claimants have notice of the lien at the time they accept the benefits. Federal law allowed plaintiff here the right to one satisfaction for his injury. Because of the public assistance laws in Illinois, this plaintiff had the option of recovering full satisfaction at trial, or of anticipating part of his recovery from the State of Illinois in advance, on the condition that the state agencies be subrogated pro tanto to his claim.

This being the substance of the transactions, it follows that the Illinois Department of Public Aid and the Cook County Department of Public Aid may be subrogated to the amounts paid directly to plaintiff from the time of injury to the time of recovery, as well as to amounts paid to plaintiff's wife, to the extent these payments were applied towards plaintiff's duty to support his family.

## ORDER

In accordance with the foregoing, it is hereby ordered:

1. The petitions of the Illinois Department of Public Aid and of the Cook County Department of Public Aid to intervene are hereby granted.

2. That a hearing be held to determine the exact amount of public assistance payments made to plaintiff, and the exact amount of aid to dependent children benefits paid to plaintiff's wife.

3. That the Illinois Department of Public Aid and the Cook County Department of Public Aid have valid and subsisting liens as to these respective amounts from the proceeds of plaintiff's recovery in this cause.