**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SHURTENDA STEAKS, INC.,**
**Respondent.**

**No. 9692.**

United States Court of Appeals,
Tenth Circuit.

April 2, 1970.

Paul Elkind, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Roger L. Sabo, Atty., N. L. R. B., on the brief), for petitioner.

Robert J. Berghel, Atlanta, Ga. (Hollenbeck, King & French, Peter C. Dietze, Boulder, Colo., and Fisher & Phillips, Atlanta, Ga., on the brief), for respondent.

Walter C. Brauer III, Denver, Colo., for Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 634, AFL–CIO, petitioner for leave to intervene.

Before BREITENSTEIN, HILL and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this contempt proceeding the National Labor Relations Board claims that the respondent-employer, Shurtenda Steaks, Inc., has violated the judgment of this court enforcing a Board order. See National Labor Relations Board v. Shurtenda Steaks, Inc., 10 Cir., 397 F.2d 939. The Union, Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 634, AFL–CIO, seeks to intervene. The employer has filed a motion to dismiss.

The Union was the charging party before the Board. It did not intervene, or participate, in the enforcement proceedings before this court. The Board's petition for adjudication of the employer in civil contempt was filed on December 2, 1969. The Union's motion to intervene was filed on December 17. A show cause order was issued against the employer on January 9, 1970.

In its petition seeking leave to intervene the Union says that unfair labor practices were committed against it and the employees whom it represents; that the contumacious conduct "was committed" towards the union; and that the Union may "suffer injury if it is not allowed to participate in the proceedings in that if respondent is not held in contempt, this Union will have been denied its right to represent certain employees of the respondent employer." In brief and argument the Union says that it does "not seek to change or redirect the Board's efforts" and that it asks "only to be allowed to participate and present evidence in support of the Board's position." No claim is made that the Board has acted arbitrarily or that it will not adequately represent the interests of the Union.

The Union relies on International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL–CIO, Local 283 v. Scofield, 382 U.S. 205, 86 S.Ct. 373, 15 L. Ed.2d 272, to support its claimed right

to intervene. The Court there held that a successful charging party had the right to intervene in proceedings in a court of appeals to review a Board order. Ibid at 217–222, 86 S.Ct. 373. In so doing it recognized the holding in Amalgamated Utility Workers (C.I.O.) v. Consolidated Edison Co. of New York, 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738, that "private parties who initiated unfair labor practice charges may not prosecute a contempt action against the charged party in the court which enforces the Labor Board order." See Scofield, supra, at 220–221, 86 S.Ct. 373, 383.

The initiation of contempt charges is a Board function because the choice and use of remedies for violations of the National Labor Relations Act call for the exercise of Board expertise. See National Labor Relations Board v. Gissel Packing Co., Inc., 395 U.S. 575, 612, n. 32, 89 S.Ct. 1918, 23 L.Ed.2d 547; Fibreboard Paper Products Corp. v. National Labor Relations Board, 379 U.S. 203, 216, 85 S.Ct. 398, 13 L.Ed.2d 233; Amalgamated Utility Workers, supra; and Love Box Co. v. National Labor Relations Board, 10 Cir., 412 F.2d 946. The Board has exercised its discretionary power by bringing contempt charges against the employer. Our issue is whether, after the charges are brought, the charging party, which was successful in the administrative proceedings and which did not participate in the petition for enforcement, may intervene.

The Board and the Union each analyze the reasons given in Scofield, supra, 382 U.S. at 212–216, 86 S.Ct. 373, for permitting intervention in enforcement and review proceedings. The only one which gives us concern is that intervention prevents "unnecessary duplication of proceedings." Ibid at 212, 86 S.Ct. at 378. The Union has filed unfair labor practice charges against the employer based on the identical acts which the Board asserts in its petition for civil contempt. The Regional Director is holding these in abeyance awaiting the determination of the present proceed-

ings. In its reply brief the Board says that it "does not intend to relitigate the same violations in an administrative proceeding should this Court decide the issues against it." This eliminates the duplication argument.

The post-Scofield cases are not helpful. In National Labor Relations Board v. Western Wirebound Box Company, 9 Cir.., 59 Lab.Cases ¶ 13,290, the court denied an effort to intervene to force the Board to require compliance with the decree. In National Labor Relations Board v. Kohler Company, 122 U.S.App. D.C. 101, 351 F.2d 798, 809, the court denied a motion to intervene which was made long after the cause went to a Master. We do not consider the grant of certiorari, 396 U.S. 926, 90 S.Ct. 261, 24 L.Ed.2d 224, to review our decision in Sears, Roebuck & Co. v. Carpet, Linoleum, Soft Tile and Resilient Floor Covering Layers, Local Union No. 419, AFL–CIO, 10 Cir., 410 F.2d 1148, to be pertinent. The question there was the right of a charging party to appeal from the dismissal of a petition by a regional director for a preliminary injunction.

■ An intervention must be timely. The Union asserts that such is the case here because its motion was filed shortly after the petition for a contempt citation and before we entered a show cause order. We are not persuaded. Under Scofield, the Union could have intervened in the enforcement proceedings, but it failed to do so. Instead, it waited until the Board began contempt proceedings. Civil contempt is an appropriate remedy for the enforcement of a judicial decree, but it is a severe one which should be used only when necessary to sustain the authority of the court. We believe that, absent extraordinary and unusual circumstances, intervention, by a party who did not participate in the litigation giving rise to the judgment claimed to be violated, should not be permitted. The Board obtained the judgment without the help of the Union. The Union's belated offer of help in the contempt proceedings does not impress us. Nothing in the record or in the rea-

sons advanced by the Union convinces us that intervention should be permitted.

■ The employer's motion to dismiss remains to be considered. The decree enforcing the Board order was entered on August 19, 1968. The pleadings before us allege that during the fall of 1968 there were some bargaining sessions at which the employer challenged the Union's majority. We have held that such challenge does not excuse failure to bargain after a Board order has been enforced. National Labor Relations Board v. Merrill, 10 Cir., 414 F.2d 1323. The Board alleges that no bargaining session took place between December 3, 1968, and January 28, 1970. The contempt petition was filed December 2, 1969. The motion to dismiss urges that the proceedings are mooted by present good faith bargaining. The Board questions this position. In any event, the claim of present righteousness cannot whitewash the fact that for over a year no bargaining occurred. Reliance on H. K. Porter Company, Inc., v. National Labor Relations Board, 397 U.S. 99, 90 S.Ct. 821, 25 L.Ed.2d 146, is misplaced. The Court there held that the Board had no power to order a company to agree to a checkoff provision in a collective bargaining agreement. In so holding, the Court recognized that refusal to bargain is an unfair labor practice. The suggestion of the employer that, in violation of Porter, the Board is using the contempt remedy to force the employer to agree to unacceptable union security and checkoff clauses in the collective bargaining agreement does not impress us. The pleadings reflect no such Board intent. We do not know what facts may be developed in an evidentiary hearing. The pleadings and statements of counsel establish that there are genuine issues as to material facts which must be resolved.

The Union's motion to intervene and the employer's motion to dismiss are each denied. The Board's request for the appointment of a Special Master is granted. An appropriate order of reference will be entered.