**In re DAVID M. HUNT CONSTRUC-TION CO., Bankrupt.**

**Leon KATZ, Trustee, Plaintiff,**

**v.**

**STEAMFITTERS LOCAL UNION 420 APPRENTICESHIP TRAINING FUND, Defendant.**

**Bankruptcy No. 78–616EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 20, 1980.

See also, Bkrtcy., 3 B.R. 92.

Gary Schildhorn, Adelman & Lavine, Philadelphia, Pa., for trustee/plaintiff.

F. Warren Jacoby, Philadelphia, Pa., for defendant.

Carl S. Tannenbaum, Bolger & Picker, Philadelphia, Pa., for Hirsch, Arkin, Pineherst, Inc.

J. Dennis Faucher, Philadelphia, Pa., for bankrupt.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

■ The issue before us is whether we should grant a motion to intervene made by a subcontractor in an adversary proceeding brought by the trustee for the bankrupt/general contractor to recover money due from the owner under a construction contract. We conclude that we should grant the motion to intervene.[1]

On June 19, 1979, the trustee in bankruptcy ("trustee") for David M. Hunt Construction Company ("the bankrupt") filed a complaint against Steamfitters Local Union 420 Apprenticeship Training Fund ("the owner"). The complaint alleged that the owner owed the bankrupt $8,654.89 for services performed by the bankrupt as general contractor on construction done on the owner's property. Hirsch, Arkin, Pineherst, Inc. ("HAP") filed a timely motion to intervene in the adversary proceeding asserting that, as a subcontractor who has not been paid by the bankrupt for work done on the construction for the owner, HAP has priority over the bankrupt to the fund held by the owner. The owner, in its answer, disputed the amount due (asserting that only $4,985 is due because of certain repairs necessitated by allegedly defective work) and requested that we grant HAP's motion to intervene inasmuch as the owner is faced with two claims to the fund and wishes to avoid the possibility of double liability.

The issue presented is whether we must or should grant HAP's motion to intervene. Rule 724 of the Rules of Bankruptcy Procedure provides that Rule 24 of the Federal Rules of Civil Procedure applies in adversary proceedings.[2] Rule 24 provides for both intervention of right and permissive intervention.

1. *Intervention of Right.*

Rule 24(a)(2) states:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Rule 24 applies except for minor variations which are not at issue here. *See* Rule 724 of the Rules of Bankruptcy Procedures.

or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.[3]

Thus, in order to intervene of right under Rule 24, an applicant must show that (1) he has a claim of interest in property that is the subject of the action, (2) his ability to protect that interest will be impaired or impeded as a practical matter if he is not allowed to intervene, and (3) his interest is not adequately represented by the existing parties.[4]

With respect to what type of interest an applicant must show under the first requirement above, the courts have not been able to establish a helpful definition. The Supreme Court in *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) stated that "[w]hat is obviously meant there is a significantly protectable interest." [5] The District Court for the Southern District of New York interpreted Rule 24(a)(2) to require that the interest "must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit." [6]

Such definitions, we think, are not of much practical help to the courts in determining in each case whether the interest asserted is sufficient to warrant intervention of right. We think that the approach taken by some other courts and commentators—that of examining the asserted interest in the light of the policies behind the rule of intervention—is a better approach.

Such a policy approach was first stated by the Court of Appeals for the District of Columbia in *Nuesse v. Camp*, 385 F.2d 694 (D.C.Cir.1967):

> One court has recently reverted to the narrow formulation that "interest" means "a specific legal or equitable interest in the chose." *Toles v. United States*, 371 F.2d 784 (10th Cir. 1967). We think a more instructive approach is to let our construction be guided by the policies behind the "interest" requirement. We know from the recent amendments to the civil rules that in the intervention area the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.[7]

---

3. Fed.R.Civ.P. 24(a)(2).

4. *See* Wright, Law of Federal Courts 370 (3d ed. 1976). There is some question as to who has the burden of proof on the third requirement. *Compare* Wright at 371, *citing Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1972) *with Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir.1967).

5. 400 U.S. at 531, 91 S.Ct. at 542. In *Donaldson*, the Supreme Court held that a taxpayer did not have such a "significantly protectable interest" in the records of a former employer which the Internal Revenue Service had asked to inspect to determine the taxpayer's liability for unpaid taxes and for possible criminal penalties. *Id.*

6. *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y.1974), *aff'd sub nom. Shulman v. Goldman, Sachs & Co.*, 515 F.2d 505 (2d Cir. 1975). In that case the District Court denied the motion of an agent who had bought commercial paper for a buyer to intervene in an action by the buyer against the seller. *Id.* The court so held because it found that the interest asserted by the agent was really the interest that the buyer was already asserting, and, further, because the agent would not be impaired in the ability to protect its interest by any decision in the buyer v. seller case since such a decision would not be binding on it. *Id.* But see, *Atlantis Development Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967), in which the Court of Appeals for the Fifth Circuit held that a corporation which claimed ownership of a coral reef could intervene in a suit by the United States to enjoin another corporation from building on that reef. The court noted that, although the intervenor would not be bound by any decision in that case, its chances of winning in a similar suit would be affected. *Id.* at 828–29.

7. 385 F.2d at 700. In *Nuesse*, the Court of Appeals allowed the State Commissioner of Banks to intervene in an action brought by a state bank to enjoin the United States Commissioner from allowing a National Bank to open a branch office in that state. *Id.* The court found that the State Commissioner had a sufficient interest, different from that of the state bank, to allow him to press his own views of the applicable state and federal laws. *Id.*

In *Smuck v. Hobson*, 408 F.2d 175 (D.C.Cir. 1969), the same court reiterated its view of the interest requirement of Rule 24(a)(2).

The effort to extract substance from the conclusory phrase "interest" or "legally protectable interest" is of limited promise. . . .

The decision whether intervention of right is warranted . . . involves an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending. Since this task will depend upon the contours of the particular controversy, general rules and past decisions cannot provide uniformly dependable guides.[8]

And in an article entitled *Some Thoughts on Intervention Before Courts, Agencies, and Arbitration*, 81 Harv.L.Rev. 721 (1968), Professor David L. Shapiro, of Harvard Law School, noted that:

A third grouping [of interests which the courts have considered sufficient to warrant intervention] consists of cases in which the prospective intervenor has a claim against one of the parties, or a defense to a claim that might be made by one of the parties, which is related to the subject matter of the action. While the claim or defense will still be available in a separate action if not asserted in the present one, intervention may have several evident advantages. It can insure against inconsistent results and avoid multiplicity of litigation. It can give the prospective intervenor a crack at the initial judgment of the court on questions of law and law application; in subsequent litigation he will have to contend with

stare decisis in the same jurisdiction, or comity in another. On the other hand, intervention may unduly complicate the proceedings and introduce issues plainly extraneous to the original action.[9]

Applying this policy-oriented approach to the interpretation of the interest requirement of Rule 24(a)(2) to the facts of the instant case, we find that HAP does have a sufficient interest in the subject of the adversary proceeding to allow it to intervene of right. The interest which HAP asserts is a claim to the fund which is held by the owner and which is the subject of the adversary proceeding. As support for that claim, HAP cites *Adelphia Automatic Sprinkler Company v. Commonwealth Land Title Insurance Company*, No. 75–1469 (E.D.Pa., filed October 27, 1976). In *Adelphia*, the District Court for the Eastern District of Pennsylvania held that the secured creditors of the general contractor had no interest in the fund put in escrow by the owner because the general contractor had breached the construction contract (by failing to pay the subcontractors and, therefore, failing to provide releases of liens from those subcontractors) and, thus, only had a contingent right himself to the fund (to which a security interest could not attach). *Id.* slip op. at 11–12. The district court then concluded that, under Pennsylvania law, the owner had an equitable obligation to see that the subcontractors got paid and that, therefore, the subcontractors had, "at the very least, an equitable right in the fund". *Id.* at 18.

Because the facts of the instant case are similar to those in *Adelphia*, we must conclude that HAP has shown a sufficient interest to satisfy the interest requirement of Rule 24(a)(2).[10] Because HAP asserts a

---

**8.** 408 F.2d at 178–79. In *Smuck v. Hobson*, the Court of Appeals for the District of Columbia held that parents had a sufficient interest in their children's education to permit them to intervene for the limited purpose of appealing a district court's order which the School Board had decided not to appeal. *Id.* at 180.

**9.** 81 Harv.L.Rev. at 733.

**10.** This is not to say that we are holding that HAP does, in fact, have an interest superior to the bankrupt's to the fund herein (to do so we would have to find first that the bankrupt had breached the construction contract as the general contractor had in *Adelphia* ). At this time we are only considering the motion to intervene, not the merits of the underlying case. As the Court of Appeals for the Fifth Circuit stated in *Atlantis Development Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967):

claim to the property that is the subject of the instant proceeding, the inclusion of HAP as a party to the proceeding will "achieve judicial economies of scale by resolving related issues in a single lawsuit." [11] Further, it will "insure against inconsistent results and avoid multiplicity of litigation" [12] by resolving in this one proceeding all claims of interest to the fund. In addition, since all the claims herein are to the same fund and based on the same construction contract, we do not foresee that HAP's intervention will "unduly complicate the proceedings and introduce issues plainly extraneous to the original action." [13] Thus, HAP satisfies the first requirement, that of a sufficient interest in the proceeding, to give it a right to intervene under Rule 24(a)(2).

We further find that HAP satisfies the second requirement of Rule 24(a)(2). That requirement—that the applicant's interest be impaired as a practical matter if he is denied the right to intervene—was "obviously designed to liberalize the right to intervene in federal actions." [14] In this case, if HAP is not allowed to intervene, it will have to institute a separate action in which to assert its interest. And although any decision made by us in this case will not have a *res judicata* effect for HAP it may impair HAP as a practical matter in asserting its interest in its own action by deciding some of the common issues which may have a *stare decisis* effect. [15]

> [I]t is, of course, conceivable that there will be some instances in which the total lack of merit is evident from the face of the moving papers that denial of the right of intervention rests upon a complete lack of a substantial claim. But it hardly comports with good administration, if not due process, to determine the merits of a claim asserted in a pleading seeking an adjudication through an adversary hearing by denying access to the court at all.
> *Id.* at 827.

The third requirement of Rule 24(a)(2), that the applicant's interest not be adequately represented by the existing parties, is clearly met here. A trustee in bankruptcy represents all of the creditors of the bankrupt and may not represent any particular creditor or group of creditors whose interests are adverse to the interests of the general creditors of the bankrupt. [16] Thus, in the instant proceeding the trustee is representing the creditors of the bankrupt and stands in a position similar to that of the creditors claiming through the general contractor in *Adelphia*. And, as is evident from *Adelphia*, the claim of HAP is adverse to the claim of those creditors. Thus, HAP's interest cannot be adequately protected by the trustee in the instant proceedings.

Therefore, we conclude that HAP may intervene of right in the instant proceedings. But, even if we found that HAP could not intervene of right, we would permit HAP to intervene under Rule 24(b)(2).

2. *Permissive Intervention.*

Rule 24(b)(2) governs permissive intervention and states:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. [17]

11. *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir.1969).

12. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv.L.Rev. 721, 733 (1968).

13. *Id.*

14. *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C.Cir. 1967).

15. *See, e. g., Atlantis Development Corp. v. United States*, 379 F.2d 818, 828–29 (5th Cir. 1967).

16. *See, e. g., Cissell v. American Home Assurance Co.*, 521 F.2d 790 (6th Cir. 1975), *cert. denied*, 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 83 (1976).

17. Fed.R.Civ.P. 24(b)(2).

Since HAP's claim is to the fund that is the subject of the instant proceeding and is based on the same construction contract as is the trustee's claim, it is clear that HAP's claim and the main action have questions of law and fact in common. Further, as found above, the intervention of HAP will not unduly delay this proceeding nor will it involve a multitude of extraneous issues. In fact, as noted above, HAP's intervention will allow for a more efficient resolution of the issue of who has rights to the fund held by the owner.

Accordingly, we will grant HAP's motion to intervene.