In re Everal H. LARKHAM and Cynthia N. Larkham, d/b/a Lark-Ridge Farm, Debtors.

BRADFORD NATIONAL BANK and Shawmut Bank of Boston, N.A., Plaintiffs,

v.

Everal H. LARKHAM and Cynthia N. Larkham, Defendants.

Bankruptcy No. 82–168.

Adv. No. 82–175.

United States Bankruptcy Court, D. Vermont.

Feb. 25, 1983.

Gavin A. Reid, Newbury Village, Vt., for Bradford Nat. Bank and the Shawmut Bank of Boston N.A.

Christopher Dye, Bradford, Vt., for Agway, Inc.

Jerome I. Meyers, Springfield, Vt., for debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

### FACTS

The instant case arises on the Motion of Agway, Inc., to Intervene in the adversary proceeding commenced by the Complaint of the Bradford National Bank and the Shawmut Bank of Boston, N.A., to determine secured status. The adversary proceeding was filed on October 19, 1982, to which the Debtors answered on November 8, 1982.

On November 17, 1982, Agway, Inc., filed its motion to intervene which came on for hearing on January 13, 1983. The Bradford National Bank and the Shawmut Bank of Boston, N.A. ("Banks") opposed the motion and submitted memoranda to that effect subsequent to the hearing. The Debtors, on the other hand, have not opposed the requested intervention. However, Agway, Inc., also submitted memoranda in support of its position to intervene.

Agway, Inc. seeks to intervene as a junior lienholder, contending that its judgment lien on the Debtors' farm is so situated that the disposition of this adversary proceeding, without them, will impair or impede Agway's ability to protect that lien. In effect, Agway seeks to establish that its lien should be treated as superior to the mortgage lien asserted by the Banks. If this treatment were to occur, Agway's chances of receiving payment upon its lien would be greatly enhanced.

Agway, Inc., obtained its lien on the farm of the Debtors by virtue of a default judg-

ment entered against the Debtors on March 9, 1982, in the Superior Court of Orange County, Vermont, in the sum of $30,761.94. The judgment became final on April 8, 1982, and was duly recorded in the Town Clerk's Office of Fairlee, Vermont, on June 2, 1982.

The interest of the Banks in the Debtors' farm arose from a mortgage executed by the Debtors on May 15, 1981, to secure the repayment of a note in the sum of $575,-000.00. This mortgage was recorded in the Fairlee Town Clerk's Office on May 26, 1981, as well as, recorded in the Bradford Town Clerk's Office on August 11, 1981. It is this interest which the Bank is now seeking to have the secured status determined. If the interest is upheld and determined to be secured, it is prior in time and superior to that of Agway, Inc.

The Debtors in response to the Complaint of the Banks have answered that the Banks obtained the mortgage by fraud. If this allegation is proven, the mortgage would be invalid and unenforceable. As such, Agway's lien would then be superior.

## LAW

The issue before the Court is whether the Court must or should grant a motion to intervene in an adversary proceeding made by a junior lienholder. Rule 724 of the Rules of Bankruptcy Procedure provides that Rule 24 of the Federal Rules of Civil Procedure applies in adversary proceedings. Rule 24 allows for both intervention of right and permissive intervention. Rule 24, as applicable to this case, states:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permit-

ted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In the instant case, Agway, Inc., argues initially that it is entitled to intervene by right pursuant to Rule 24(a). However, Agway, Inc., also asserts that if the elements of Rule 24(a) are not satisfied, then they should be allowed to intervene pursuant to Rule 24(b). As such, the Court will consider the merits of intervention through both paragraphs.

Rule 24(a), as determined by the Court in *Gautreaux v. Pierce,* 690 F.2d 616, 635 (7th Cir.1982) requires:

[T]o intervene as of right, the proposed intervenor must show under Federal Rule of Civil Procedure 24(a)(2); (1) timely application; (2) an interest relating to the property or transaction which is the subject of the action; (3) that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, and (4) that the interest is not adequately represented by existing parties, *Wade v. Goldschmidt,* 673 F.2d 182, 185 (7th Cir.1982).

In the instant case, no question has been raised regarding the timeliness of the motion. Thus, the Court will conclude that the motion was timely filed. However, consideration must now be made of the other elements for intervention. It is upon these elements which the Banks' have centered the thrust of their argument.

Primarily, the Banks argue that Agway, Inc., does not have an interest which would be impaired by this adversary proceeding. Further, the Banks argue that even if it is assumed that Agway, Inc., did have such an interest, that interest is adequately represented by the Debtor. The position advocated by the Banks is understandable in view of the cases which they have cited. However, this Court is persuaded to follow

the approach for determining whether intervention should be allowed, as well as, whether there is an interest which may be impaired, as set forth by the Honorable Bankruptcy Judge Goldhaber in his decisions of *In re Hunt,* 3 B.R. 256 (Bkrtcy.E.D. Pa.1980) and *In re Devault,* 4 B.R. 382 (Bkrtcy.E.D.Pa.1980).

In reviewing the interest requirement for intervention of right, the Court in *Hunt* at 258 stated:

With respect to what type of interest an applicant must show under the first requirement above, the courts have not been able to establish a helpful definition. The Supreme Court in *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) stated that "[w]hat is obviously meant there is a significantly protectable interest." The District Court for the Southern District of New York interpreted Rule 24(a)(2) to require that the interest "must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit."

Such definitions, we think are not of much help to the courts in determining in each case whether the interest asserted is sufficient to warrant intervention of right. We think that the approach taken by some other courts and commentators—that of examining the asserted interest in light of the policies behind the rule of intervention is a better approach.

By the application of a policy-oriented approach, the Court in *Hunt* held that a subcontractor was entitled to intervention of right in an adversary proceeding brought by the trustee for the debtor, the general contractor, to recover money due from the owner under a construction contract. Intervention was applicable there since the subcontractor also asserted a claim to the fund held by the owner.

In the instant case, as in *Hunt,* the intervenor seeks recovery from a common or mutual property. As such, and in view of the specific facts of this case in which the policy of intervention would be served,

the Court concludes that the interest requirement has been satisfied. In similar cases, the Courts have allowed intervention by a party, whose only interest in the litigation is a lien on proceeds. *Lalic v. Chicago, Burlington & Quincy Railroad Company,* 263 F.Supp. 987 (E.D.Ill.1967); also, *In re Fleck Industries, Inc.,* 16 B.R. 802 (Bkrtcy. E.D.Pa.1982), allowing intervention by junior lienholders with substantial defenses.

In the subsequent case of *In re Devault Manufacturing Company,* 4 B.R. 382 (Bkrtcy.E.D.Pa.1980), Judge Goldhaber once again considered the issue of intervention. In *Devault,* the creditors' committee sought to intervene in a reclamation proceeding in order to defeat the security interest of the plaintiff. The Court there concluded "the committee has an even more compelling interest since the avoidance or nonavoidance of Jefferson's security interest will directly affect the amount which the creditors it represents will receive on their claims." 4 B.R. at 387.

In the instant case, Agway, Inc., is similarly interested in the avoidance or nonavoidance of the security interests of the Banks. As such, the interest requirement in the instant case is again satisfied.

The Court in *Devault* further went on to state at 387; "If the committee is not allowed to intervene in the present action, it and the unsecured creditors will be unable to attack Jefferson's security interest by submitting relevant evidence." A similar situation is present in this case. Therefore, this Court, like that in *Devault* and *Hunt,* concludes that intervention of right is required.

As to showing that the interest is not adequately represented, the Court in *Hunt* stated, "A trustee in bankruptcy represents all the creditors of the bankrupt and may not represent any particular creditor or group of creditors whose interests are adverse to the interests of the general creditors of the bankrupt." 3 B.R. at 260. The same is applicable to the Debtor in the instant case, and even though it is aligned with Agway, Inc., in trying to defeat the

security interest of the Banks, Agway's interests are not adequately represented by the Debtor.

 In that Agway's interest is in the same property that is the subject of the instant adversary proceeding, and its priority is determined by reference to that of the Banks, it is clear that Agway's claim will have questions of law or fact common to the main proceeding. In fact, it appears that Agway's intervention will assist in the overall presentation of the case.

Thus, even if the Court had concluded that Agway, Inc., had not been entitled to intervention of right, the Court would permit Agway, Inc., to intervene pursuant to Rule 24(b). The interest of Agway warrants permissible intervention under this subsection of the Rule.

### ORDER

Now therefore upon the foregoing:

IT IS ORDERED that the Motion of Agway, Inc., to Intervene is GRANTED.