**Donna MEREDITH, Plaintiff,**

v.

**SCHREINER TRANSPORT, INC., Defendant.**

**Civ. A. No. 91–1028–MLB.**

United States District Court, D. Kansas.

Feb. 9, 1993.

See also 814 F.Supp. 1004.

Lelyn J. Braun, Topeka, KS, for Donna Meredith.

Martha Shaffer, Office of the Atty. Gen., Las Vegas, NV, for State of Nevada, lienholder.

Randy J. Troutt, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for Schreiner Transport, Inc.

## ORDER DENYING MOTION FOR PAYMENT OF LIEN

BELOT, District Judge.

Before the court are the motion of Nevada State Welfare Division for payment of lien and defendant's response in opposition thereto (Docs. 46 & 47).

On June 18, 1992, pursuant to the verdict of a jury, judgment was entered for plaintiff for $61,815 (Doc. 28). On August 17, 1992, the court signed and filed an agreed upon order pursuant to Fed.R.Civ.P. 67 that the judgment of $61,815 be paid into court (Doc. 35). On August 18, 1992, defendant filed its notice to lien holders of payment of the judgment. The notice was sent to Blue Cross–Blue Shield of Nevada. The clerk disbursed the judgment proceeds on August 28, 1992.

On December 31, 1992, Nevada State Welfare Division filed its motion for payment of lien. The motion recites, in substance, that Blue Cross–Blue Shield, the fiscal agent for Nevada Medicaid program which is administered by the Nevada State Welfare Division, paid $6,033.83 on behalf of the plaintiff for medical expenses she incurred as a result of the injury which was the subject of this case. The motion incorrectly states that the case was settled. Nevada Welfare cites NRS 422.293 which gives it authority to "join or intervene in any action by the recipient" to collect damages for the recipient's injuries. Nevada Welfare asks this court to order defendant to pay the full amount of its lien.

Defendant, in its response, states that after the judgment was paid out on August 28, 1992, plaintiff's counsel tendered the state of Nevada $4,142.91 which was the balance of the lien after deducting an attorney's fee of $2,072. Defendant further states that Nevada has refused to accept the check, apparently claiming that it is not required to pay an attorney's fee for collecting its lien. None of this information is mentioned in Nevada Welfare's motion. Defendant asks this court to rule that Nevada Welfare should be satisfied with the $4,142.91 tendered by plaintiff's lawyer.

The court will assume that NRS 422.293 confers standing upon Nevada Welfare to intervene to enforce its lien. Intervention is

governed by Fed.R.Civ.P. 24 which provides, in pertinent part:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

█ Nevada Welfare's motion does not comply with the requirements of Rule 24(c) because it is not accompanied by a pleading setting forth the claim for which intervention is sought. Furthermore, Nevada Welfare does not state whether it considers its intervention to be one of right or permissive. But whether or not the intervention is considered of right or permissive, it must be timely. The determination of timeliness is a matter of discretion and is based upon all the circumstances. The point to which the suit has progressed is not solely dispositive. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990) citing *NAACP v. New York*, 413 U.S. 345, 365–366, 93 S.Ct.

2591, 2602–03, 37 L.Ed.2d 648 (1973). In United Nuclear Corporation, the Tenth Circuit upheld the timeliness of a permissive intervention to challenge a protective order which remained in effect following dismissal of the underlying lawsuit.

This case presents a different situation. Here, the dispute between the plaintiff and defendant is over. Plaintiff's judgment has been satisfied. Nevada Welfare has not offered any explanation why it waited approximately four months to file its motion following formal notice of the judgment.[1]

█ Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper at any time before final judgment. *Lalic v. Chicago, Burlington & Quincy Railroad Co.*, 263 F.Supp. 987, 988 (N.D.Ill.1967). Absent extraordinary and unusual circumstances, intervention by a party who did not participate in the litigation giving rise to the judgment should not be permitted. *NLRB v. Shurtenda Steaks, Inc.*, 424 F.2d 192, 194 (10th Cir.1970). See also Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 1916, pg. 444:

There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied.

█ The court finds that Nevada Welfare's motion must be denied because it was not timely.

█ Furthermore, it does not appear that this court would have jurisdiction over Nevada Welfare's claim, whether or not the intervention may be of right or permissive and even if the motion had been timely made. 28 U.S.C. § 1367(b) provides, in pertinent part, the following:

---

1. While formal notice of the judgment was not given until defendant paid the amount of the judgment into court, Nevada Welfare has not alleged that it was not aware of the underlying lawsuit during its pendency. The fact that notice of the judgment was given to Nevada Welfare's principal as a lien holder implies that Nevada

Welfare or its principal had given notice of its lien either to the plaintiff or defendant, or both, at some earlier time. If the parties were aware of the lien, it seems likely that Nevada Welfare or its principal was aware (or at least could have made themselves aware) of this case.

In any civil action of which the district courts have original jurisdiction founded solely upon section 1332 of this title, the district courts *shall not have supplemental jurisdiction under subsection (a)* ... over claims made by persons ... seeking to intervene as plaintiffs under rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of § 1332. (emphasis added).

See also, 814 F.Supp. 1001.

Jurisdiction in this case was grounded upon 28 U.S.C. § 1332. Section 1332(a) requires the amount in controversy between the parties to be $50,000 or more. The amount of Nevada Welfare's lien is only $6,033.83. Therefore, it would be "inconsistent with the jurisdictional requirements of § 1332" for this court to exercise supplemental jurisdiction over Nevada Welfare's claim for lien, assuming Nevada Welfare had met all of the other requirements for intervention under Fed.R.Civ.P. 24.

Accordingly, Nevada Welfare's motion for payment of lien (Doc. 46) is denied.

IT IS SO ORDERED.