**Christopher Gerald GLYN, Plaintiff,**

v.

**ROY AL BOAT MANAGEMENT CORP., Defendant.**

Civ. No. 92–00182 DAE.

United States District Court, D. Hawai'i.

March 27, 1995.

452

Jay L. Friedheim, Honolulu, HI and Joe P. Moss, Honolulu, HI, for plaintiff.

James F. Pastor, Chicago, IL, for creditor.

James R. Moore, Ann Correa, George W. Ashford, Jr., and Lee T. Nakamura, Ashford Nakamura & Moore, Honolulu, HI, for defendants.

### ORDER DENYING MOTION TO PERFECT SECURITY INTEREST

DAVID ALAN EZRA, District Judge.

On March 14, 1995, Bryan Jon Efimov ("Efimov") filed a "Motion to Perfect Security Interest in Judgment." By this motion, Efimov asks this court to: (1) file the documents supporting his claimed security interest in the judgment in favor of Plaintiff

Christopher Gerald Glyn;[1] (2) declare that Efimov has a valid and enforceable security interest in the judgment; and (3) enforce Efimov's lien by directing that a portion of any moneys disbursed by the court be awarded to Efimov. Efimov attaches a promissory note and a document signed by Plaintiff Christopher Gerald Glyn, purporting to grant Efimov a lien on the judgment in this case.

■ For a host of reasons, the court hereby DENIES Efimov's motion. Efimov is not a party to this action. Therefore, the relief he seeks could only be considered if he met the requirements of intervention under Fed. R.Civ.P. 24. Simply filing the motion does not make him a party. *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir.1977).

■ Motions for both intervention as of right and permissive intervention must be timely. This court has no jurisdiction to consider a motion to intervene where a case is on appeal. *Nicol v. Gulf Fleet Supply Vessels*, 743 F.2d 298, 299 (5th Cir.1984). Even if this court did have jurisdiction, intervention after judgment is generally disfavored. *Farmland Dairies v. Commissioner*, 847 F.2d 1038, 1044 (2d Cir.1988). Motions to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. R.Civ.P. 24(c). Here the court could very liberally construe Efimov's motion and the attachments to comply with this requirement. However, as discussed above and below, this construction will not avail Efimov.

■ To intervene as of right, Efimov must first claim "an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P. 24(a)(2). Where, as here, the action is for damages in tort, a lienholder does not have an interest relating to the subject of the action. Efimov has no interests in the merits of the action but only in the damages awarded to the Plaintiff. Were this court to agree that Efimov could intervene and that this court

should rule on the validity of his claim to a portion of the judgment, it would transform every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights. *See Hawaii–Pacific Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir.1977) ("Logically extended, the appellants' contention [that they be allowed to intervene because the judgment might decrease defendant's funds] would give the right to intervene in the class action suit to all persons with potential claims against any party ... on the ground that the outcome ... may increase or decrease the collectibility of their claims.").

■ Even if Efimov could claim an interest, he must then claim that he "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). Here, Efimov's interest is in any funds that Glyn receives, not in Glyn's actual underlying legal right to those funds, which sprung from his injury. Therefore, the disposition of the matter will not impair his ability to protect his interest, if, as he apparently alleges, Glyn and his attorney are under a legal obligation to turn over certain funds from the judgment to him. Moreover, to the extent that his interest in the funds emanates from an interest in the outcome of the case, that collateral interest is more than adequately represented by Glyn, who certainly desires a recovery as much as Efimov. For these reasons, Efimov is not entitled to intervene as of right.

■ Concerning permissive intervention, Efimov shows neither that (1) "a statute of the United States confers a conditional right to intervene" nor that (2) his "claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b).

■ Finally, even if Efimov were entitled to intervene in this action in some limited capacity, this court cannot grant him the relief he seeks. First, as this case is now on appeal, this court has no jurisdiction to grant

---

1. The judgment is currently on appeal, and certain funds pertaining to the judgment have been deposited in the registry of the court.

the requested relief. *Nicol v. Gulf Fleet*, 743 F.2d at 299. As to the merits of the relief, by serving his motion on counsel for Plaintiff, Efimov has served him notice of the purported lien. Concerning Efimov's request that this court declare his security interest perfected, that is not the function of this court. What Efimov requests from this court would amount to an advisory opinion, which this court will not and cannot render. *Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968) ("... the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."). Efimov must pursue his claim through the appropriate provisions for such interests. *See, e.g.,* Haw. Rev.Stat. §§ 636–3, 651–1, et. seq. (Supp. 1994).

For the many reasons stated above, the court DENIES Efimov's Motion to Perfect Security Interest in Judgment.

IT IS SO ORDERED.