Armenak **GHAZARIAN**, Plaintiff,

v.

Richard Irvin **WHEELER**, Western Carriers of Oregon, et al., Defendants.

**No. ED CV 95–0039 RT.**

United States District Court, C.D. California, Eastern Division.

Nov. 25, 1997.

Daniel A. Korade, Law Office of Hagop N. Chopurian, Glendale, CA, for Plaintiff.

Harry C. Carpelan, Bruggeman, Smith & Peckham, San Bernardino, CA, for Defendants.

Theodore K. Stream, Stream & Stream, Inc., Riverside, CA, for Plaintiff in Intervention.

ORDER GRANTING LOMA LINDA UNIVERSITY MEDICAL CENTER, INC.'S MOTION TO INTERVENE AS PLAINTIFF IN INTERVENTION PURSUANT TO FED.R.CIV.P. 24(a)(2) ("MOTION")

TIMLIN, District Judge.

The court has read and considered Loma Linda University Medical Center, Inc.'s (Loma Linda) motion, Plaintiff Armenak Ghazarian's (Ghazarian) opposition to the motion, Loma Linda's reply, and Defendants Richard Irvin Wheeler (Wheeler) and Western Carriers of Oregon, Inc's ("Western Carriers") (collectively "Defendants") statement of non-opposition.

## I.

### BACKGROUND

In January, 1994 Ghazarian was involved in a motor vehicle collision in which he sustained physical injuries. Ghazarian was transported to Loma Linda where he received emergency medical treatment. Thereafter, he participated in a course of treatment at Loma Linda that resulted in various fees and charges totaling $53,021.01. Pursuant to Ghazarian's status as a Medi–Cal beneficiary, Loma Linda submitted a claim for services it rendered on his behalf to the California Department of Health Services ("DHS"), and was paid $17,316.07 by Medi–Cal.

Ghazarian brought the instant third party action to recover damages in tort for the injuries sustained in the collision with Wheeler. Loma Linda received notice of Ghazarian's claim. It gave notice to the parties of its right, under California Welfare and Institutions Code section 14124.791 ("Section 14124.791"), to assert a statutory lien in this action to recover the costs of the medical services it provided to Ghazarian against any judgment or settlement obtained by Ghazarian, a medical beneficiary, against Defendants.

On February 18, 1997, Medi–Cal advised Loma Linda that this action had settled. However, Loma Linda was unable to reach an agreement with Ghazarian concerning the validity and enforceability of its claimed statutory lien, and it then brought this motion to intervene. Subsequently, Loma Linda sent to DHS a check in the amount of $17,316.07, reimbursing Medi–Cal for its earlier payment of that amount to Loma Linda. This payment was made in compliance with a requirement under Section 14124.791 that Loma Linda do so before it may recover on its statutory lien.

## II.

### EVIDENTIARY OBJECTIONS

Ghazarian has objected to the declaration of David D. Werner dated April 10, 1997, on the ground that the alleged statements by representatives of Medi–Cal are hearsay— Overruled. The Court considers such statements for non-hearsay purposes.

## III.

### ANALYSIS

Loma Linda contends that it is entitled to intervene in this action by right under Fed. R.Civ.P. 24(a)(2) because it meets the four prong test for such intervention.

Ghazarian contends, in it opposition, that the court should deny the motion to intervene because (1) Loma Linda is not entitled to a lien since it has not reimbursed Medi–Cal,[1] and (2) Loma Linda may not intervene because its assertion of a statutory lien in a tort action is not a sufficient interest relating

---

1. As mentioned earlier, Loma Linda sent a check in the amount of $17,316.07 to Medi–Cal. The payment, which occurred after Ghazarian's opposition was filed, was reimbursement to Medi–Cal for the full amount it paid to Loma Linda on behalf of Ghazarian. Thus, Loma Linda is not barred from asserting a lien for the reason that it has not reimbursed Medi–Cal as required by Section 14124.791.

to the property or transaction which is the subject of this action.

A. *Standard for Motion to Intervene of Right Under Fed.R.Civ.P. 24(a)(2)*

■ Fed.R.Civ.P. 24(a) ("Rule 24(a)") states in pertinent part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

· Thus, there are four requirements for intervention as of right under Rule 24(a)(2): "[T]imeliness, an interest relating to the subject of the action, practical impairment of the party's ability to protect that interest and inadequate representation by the parties to the action. The rule is construed broadly in favor of applicants for intervention." *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993) (footnote omitted). An applicant's failure to prove it meets any one of these four criteria, however, precludes intervention under Rule 24(a). *See e.g., County of Orange v. Air California,* 799 F.2d 535, 538 (9th Cir.1986).

1. *Loma Linda's Motion Is Timely*

■ There are three factors used to determine the timeliness of a motion to intervene: (1) the stage of the proceeding; (2) the prejudice to the parties; and (3) the reason for and length of delay in filing the motion to intervene. *United States v. State of Oregon,* 913 F.2d 576, 588 (9th Cir.1990). Courts have granted motions to intervene to assert a lien, which were filed after the parties to the suit had reached a settlement, when those parties were not prejudiced by the motion. *See Lalic v. Chicago, Burlington & Quincy Railroad Co.,* 263 F.Supp. 987 (N.D.Ill.1967) (allowing intervention to assert a tax lien on settlement proceeds); *see also McDonald v. E.J. Lavino Company,* 430 F.2d 1065 (5th Cir.1970) (allowing intervention to assert a subrogation interest).

■ Loma Linda states that it learned that Plaintiff was contesting the validity of its alleged statutory lien on March 7, 1997. The instant motion was filed on March 19, 1997. The case is in the process of being settled between Ghazarian and Defendants, and none of the parties contend that they will be prejudiced because this motion is not timely. Consequently, Loma Linda's motion to intervene is timely.

2. *Loma Linda Has An Interest Relating To The Subject Of This Action*

Loma Linda contends that its lien, created pursuant to Section 14124.791, and enforceable under Cal. Welf. & Inst.Code Section 14124.74 ("Section 14124.74"), is a perfected statutory lien that is sufficiently related to the subject of this action. Ghazarian, relying on *Glyn v. Roy Al Boat Management Corp.,* 897 F.Supp. 451 (D.Haw.1995), contends that Loma Linda may not intervene because a lien holder does not have an interest relating to a tort action.

■ The determination whether an applicant for intervention as of right has a "significantly protectable interest" sufficient to support the application is a "practical, threshold inquiry." *Greene,* 996 F.2d at 976; *Northwest Forest Resource v. Glickman,* 82 F.3d 825, 837 (9th Cir.1996). No specific legal or equitable interest need be established. *Greene,* 996 F.2d at 976. However, the interest asserted must be (1) protectable under some law, and (2) there must be a relationship between the protected interest and the claims at issue. *Northwest Forest Resource,* 82 F.3d at 837; *Sierra Club v. U.S. Environmental Protection Agency,* 995 F.2d 1478, 1484 (9th Cir.1993).

■ Ghazarian relies on *Glyn,* 897 F.Supp. 451, to support his argument that Loma Linda does not have a related interest in this action sufficient to support intervention. In *Glyn,* a creditor named Efimov made a "Motion to Perfect Interest in Judgment" in an action between Glyn and a Roy Al Boat Management Corp. The court treated Efimov's motion as a motion to intervene, and

held that it did not have jurisdiction to grant the motion because Glyn's lawsuit was on appeal. *Id.* at 453–54. In dicta, the court also analyzed Efimov's motion to intervene on its merits. It stated, without citing any supporting authority, that "a lienholder does not have an interest relating to the subject of the action." *Id.* at 453. It concluded that the creditor had no interest in the merits of the action, but only in the damages awarded to Glyn. It also stated, without citing any supporting authority, that Efimov's interest in preserving his lien on the judgment was protected by Glyn's interest in protecting his underlying legal right to those funds. *Id.* The court further reasoned, relying on *Hawaii–Pacific Venture Capital v. Rothbard,* 564 F.2d 1343 (9th Cir.1977), that if it allowed Efimov to intervene "it would transform every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights." *Id.*

The *Glyn* court's reliance on *Hawaii–Pacific,* for the broad proposition that allowing a lien holder with a lien on the judgment to intervene in a case would transform every civil suit into an exaggerated interpleader action, was misplaced. The proposed interveners in *Hawaii–Pacific,* unlike the proposed intervener in *Glyn,* did not have a lien on the proceeds of any settlement or judgment in the lawsuit at issue. The court in *Hawaii–Pacific* affirmed the trial court's order denying a motion to intervene by certain shareholders of Air Hawaii, Inc. in a class action suit for securities fraud. They argued, *inter alia,* that they should be allowed to intervene because the trial court had assessed attorney's fees against the defendant, which fees decreased the class members' chances of collecting on any subsequent judgment they might receive against the defendant. *Id.* at 1346. The court rejected this argument, stating that, "[l]ogically extended, the applicants' contention would give the right to intervene in a class action suit to all persons with potential claims against any party in the class action suit on the grounds that the outcome of the class action suit may increase or decrease the collectibility of their claims." *Id.*

The Fifth Circuit has taken a position contrary to that of the court in *Glyn.* In *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118 (5th Cir.1970), the court allowed the United States to intervene in a lawsuit to enforce a tax lien on funds claimed by another intervener party, which lien was unrelated to the underlying issues in the breach of contract action before the court. The court reasoned that:

"It is true that, even though Rule 24(a)(2) provides that propriety of intervention is to be tested by practical considerations, intervention still requires a 'direct substantial, legally protectable interest in the proceedings.' *Hobson v. Hansen,* D.D.C.1968, 44 F.R.D. 18, 24. We do not believe, however, that the interest has to be of a legal nature identical to that of the claims asserted in the main action, as appellants seem to suggest. All that is required by the terms of the rule is an interest in the property or other rights that are at issue, provided the other elements of intervention are present. The cases cited by appellants are cases in which intervention was denied because the interest was speculative or had no legally protectable nature. [Footnote omitted]. By contrast, the government in this case is asserting a tax lien, clearly a legally cognizable interest in property, which it seeks to attach to a res that is before the court. Interests in property are the most elementary type of right that Rule 24(a) is designed to protect. [Citations omitted] We hold that the Government is asserting an interest in property that is the subject of the suit within the meaning of Rule 24(a)." *Id.* at 1124.

The Fifth Circuit has also recognized that an insurer's lien obtained under workers compensation laws is an adequate interest to justify intervention. *McDonald,* 430 F.2d at 1071 ("Since USF & G's purpose in moving to intervene was to protect its subrogation interest as a compensation carrier under the Mississippi statute, it is clear that the proposed intervention was cognizable as intervention of right under Rule 24(a)(2)"); *see also Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1001, 1003 (D.Kan.1993) ("Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper

at any time before final judgment."); *Lalic,* 263 F.Supp. at 988 ("Intervention by a party, whose only interest in the litigation is a lien on the proceeds, is proper at any time before final judgment.").

The court finds the reasoning and analysis in *Diaz* and *McDonald* to be more persuasive than that in *Glyn.* Accordingly, it determines that Loma Linda has a protectable statutory lien interest under California law, and that pursuant to a practical analysis this interest relates to a cognizable legal interest in any monetary proceeds resulting from a settlement or judgment in this action. The Court, therefore, will not deny Loma Linda's motion on the ground that it does not have an interest relating to this action.

### 3. *Loma Linda's Ability To Protect Its Statutory Lien Interest*

Loma Linda contends that its ability to enforce its statutory lien interest would be impaired if its motion to intervene is denied because any judgment or settlement proceeds Ghazarian might receive would be distributed to him without direction by the court. Ghazarian does not address this contention.

■ In deciding whether a party's ability to protect its interest would be impaired if intervention is denied, the Court is guided by practical considerations. *United States v. Stringfellow,* 783 F.2d 821, 826 (9th Cir. 1986). Further, despite the suggestion in *Glyn* to the contrary, "it is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome litigation." *Id.* at 827 (quoting *Natural Resources Defense Council, Inc. v. Costle,* 561 F.2d 904, 910 (D.C.Cir.1977)).

■ Section 14124.74(a) provides for the manner in which a court is to enforce a lien obtained pursuant to Section 14124.791:

"If the action or claim is prosecuted by the beneficiary alone, the court or agency shall first order paid from any judgment or award the reasonable litigation expenses incurred in preparation and prosecution of the action or claim, together with reasonable attorney's fees, when an attorney has

been retained. After payment of these expenses and attorney's fees the court or agency shall, on the application of the director, allow as a first lien against the amount of the judgment or award, the amount of the director's expenditures for the benefit of the beneficiary of the Medi-Cal program, as provided in subdivision (d) of Section 14124.72, and as a second lien, the amount of any claims, pursuant to Section 14019.3, owed to a provider, as provided in Section 14124.791."

As a practical matter, requiring Loma Linda to initiate a separate proceeding under Section 14124.74 in State court to enforce its lien would impair its statutory lien interest because the money Ghazarian may receive from a settlement or judgment in this action would be distributed to him without any requirement that he preserve a certain amount of the proceeds pending resolution of Loma Linda's claim that he owes it fees for medical services. Consequently, the Court will not deny Loma Linda's motion to intervene on the ground that its ability to protect its statutory lien interest would not be impaired by denying the motion.

### 4. *Loma Linda's Interest Is Not Adequately Represented By The Existing Parties*

■ Loma Linda contends that the existing parties to the instant action will not protect its economic interest in the settlement. Ghazarian does not address this contention.

The court agrees that Loma Linda's interest in enforcing its lien is not adequately protected by the other parties because none of them have an interest in enforcing the lien. Ghazarian strongly contests the validity and enforceability of Loma Linda's alleged statutory lien. Defendants have no interest in arguing or presenting Loma Linda's arguments. They are content to allow Ghazarian and Loma Linda to settle their dispute over the validity of the lien or have it decided by the court. Then they will pay to Loma Linda any portion of the settlement or judgment proceeds which other parties direct or a court orders.

Accordingly, the Court will grant Loma Linda's motion to intervene as a matter of right under Fed.R.Civ.P. 24(a)(2).

## IV.

### *DISPOSITION*

Loma Linda's motion to intervene is GRANTED. Loma Linda shall have 15 days from the date of this order to file a complaint in intervention setting forth its claim.