UNITED STATES of America,
Plaintiff–Appellee,

v.

ALISAL WATER CORPORATION; Toro Water Service Inc.; Robert T. Adcock; Patricia Adcock; North Monterey County Water Service, Inc.; Mosslanding Water Service, Inc.; Natholyn Adcock; Bruce Pierson, as Trustee of the T & P Management Trust, the Patro Real Trust, The DKW Property Trust, the Real Land Trust, the Nine Unit Trust, the Alameda Asset Trust, the AWC Holdings Trust, the AWC II Holdings Trust, the AWC III Holdings Trust, the TWS Holdings Trust, the AWS Holdings Trust; David M. Simcho, as Trustee of the T & P Management Trust, the Patro Real Trust, the DKW Property Trust, the Real Land Trust, the Williams 249 Trust, the Nine Unit Trust, the Alameda Asset Trust, the AWC Holdings Trust, the AWC II Holdings Trust, the AWC III Holdings Trust, the TWS Holdings Trust, the AWS Holdings Trust, Defendants–Appellees,

v.

Silverwood Estates Development Limited Partnership, Plaintiff–Intervenor–Appellant.

No. 02–16594.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Filed June 3, 2004.

Elizabeth Kessler (argued), Todd S. Kim, Lori Jonas (briefed), U.S. Dept. of Justice, Environment & Natural Resources Division, Washington, DC; John D. Rothman, United States Environmental Protection Agency, San Francisco, CA, for the plaintiff-appellee.

Marc Fogelman, Steefel, Levitt, & Weiss, San Francisco, CA, for the plaintiff-intervenor/appellant.

William Last, San Mateo, CA; Marc Fairman, and Bennett Young, San Francisco, CA, for the defendants-appellees.

Before: SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

CALLAHAN, Circuit Judge:

We must decide whether a judgment creditor is entitled to intervene as of right under Fed.R.Civ.P. 24(a) in an environmental enforcement action that may impair the creditor's ability to collect a debt. Silverwood Estates Development ("Silverwood") appeals the district court's denial of its motion to intervene in an action brought by the United States against Alisal Water Corporation ("Alisal") for violations of the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f et seq. We have jurisdiction over the appeal of the denial of the motion to intervene pursuant to 28 U.S.C. § 1291. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998). We affirm.[1]

## I. Factual and Procedural Background

In 1995, Silverwood won a $1.7 million judgment against Alisal when the Monterey Superior Court determined that Alisal had intentionally breached an agreement to provide water service to a residential real estate development owned by Silverwood.[2]

In January 1997, the United States filed suit against Alisal in district court for violating the SDWA. A bench trial followed, and the district court granted summary judgment for the United States against Alisal on nine separate causes of action encompassing hundreds of individual violations of the SDWA. The United States requested injunctive relief and civil penalties against Alisal.

On April 9, 2002, while still considering the United States' request for penalties against Alisal, the district court appointed a receiver to manage Alisal's drinking water systems and oversee their possible sale. The court order barred enforcement of any action or lien against the receiver, or any property subject to the receivership, without first obtaining the court's approval. The order, however, permitted Alisal to retain control of Alco Water Service, its largest subsidiary.

On June 4, 2002, Silverwood filed a motion to intervene as of right in the litigation, contending its interests would be harmed in the event of a judicially ordered sale of Alisal's property. Finding that Silverwood's intervention in the litigation would raise the specter of a complicated "battle royal" among rival creditors over Alisal's assets, the district court denied the motion. On appeal, Silverwood maintains that its interest in collecting its judgment against Alisal will be substantially impaired if it is not allowed to intervene.

## II. Analysis

### A. Standard of Review

■ We review de novo the district court's ruling on a motion of intervention as of right. The question of whether the motion was timely filed is reviewed for

---

1. The requests for judicial notice filed by Silverwood and Alisal on the eve of oral argument are granted. *See* Fed.R.Evid. 201.

2. This judgment was affirmed by the California Court of Appeal, Sixth Appellate District, and the California Supreme Court subsequently declined to review the decision. An abstract of the judgment was issued and recorded in Monterey County in 1996. The judgment has been partially satisfied by Alisal, but Silverwood contends that it is still owed a significant sum.

abuse of discretion. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir.1984); *see also NAACP v. New York,* 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973); *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir.1995).

## B. Legal Standard

To intervene as of right under Fed. R.Civ.P. 24(a)(2), the applicant must claim "an interest relating to the property or transaction which is the subject of the action and [that] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

 In particular, we require an applicant for intervention as of right to demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles* 288 F.3d 391, 397 (9th Cir.2002) (quoting *Donnelly,* 159 F.3d at 409 (internal quotation marks omitted)). The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met. *Id.*

 In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id.*

## C. Significantly Protectable Interest Relating to the Subject of the Action

 The district court held that Silverwood did not assert a "significantly protectable interest relating to the property or transaction that is the subject of the action." An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims. *So. Cal. Edison Co. v. Lynch,* 307 F.3d 794, 803, *modified on other grounds,* 353 F.3d 648 (9th Cir.2003) (quoting *Donnelly,* 159 F.3d at 409).

 The "interest" test is not a bright-line rule. *Id.* An applicant seeking to intervene need not show that "the interest he asserts is one that is protected by statute under which litigation is brought." *Sierra Club v. EPA,* 995 F.2d 1478, 1484 (9th Cir.1993). It is enough that the interest is protectable under any statute. *Id.*

Silverwood contends that it has a legally protected interest in Alisal's property, and that the decision of the district court to award damages to the United States for Alisal's violations of the SDWA may impair this interest. We have held that a non-speculative, economic interest may be sufficient to support a right of intervention. *Arakaki v. Cayetano,* 324 F.3d 1078, 1088 (9th Cir.2003) (stating that Native Hawaiians had a sufficiently related interest to intervene in a lawsuit by taxpayers challenging the provision of benefits by the State of Hawaii and its subdivisions to Hawaiians).

 To trigger a right to intervene, however, an economic interest must be concrete and related to the underlying subject matter of the action. *See id.* at 1085; *So. Cal. Edison Co.,* 307 F.3d at 803;

*Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993).

Silverwood asserts that although it lacks an interest relating to the environmental issues that are the subject of the liability phase of the action, the award of penalties in the remedies phase will affect its interests as a creditor. *Donnelly*, 159 F.3d at 410 (holding that an applicant may lack an interest in the liability phase of an action, but may still be entitled to intervene in the remedies phase).

■ However, regardless of the phase of litigation at which an interest arises, that interest must be related to the underlying subject matter of the litigation. *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir.1986) (denying intervention as of right by an applicant with solely environmental interests in an action "by a local water district against the United States concerning contracts between the parties respecting the delivery of the water").[3]

Here, the district court determined that Silverwood's sole interest in the present action is in the prospective collectability of a debt. This interest is several degrees removed from the overriding public health and environmental policies that are the backbone of this litigation. In *Hawaii–Pacific Venture Capital Corp. v. H.B. Rothbard*, 564 F.2d 1343, 1346 (9th Cir.

1977), we held that the impaired ability to collect judgments that may arise from future claims does not give rise to a right of intervention. The underlying reasoning in *Hawaii–Pacific* supports the conclusion that an allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention. To hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded. *See Public Serv. Comp. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir.1998) (holding that "[i]t is settled beyond peradventure ... that an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right"); *Glyn v. Roy Al Boat Mgmt. Corp.*, 897 F.Supp. 451, 453 (D.Haw.1995) ("Were this court to agree that Efimov could intervene ... it would transform every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights.").[4]

We, therefore, hold that Silverwood was not entitled to intervene in this case because its interest in the prospective collectability of the debt secured by Alisal's property is not sufficiently related to the

---

**3.** Other circuits have suggested that an interest in property that is impacted by litigation may trigger a right to intervention. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir.1970) (holding that the government's tax lien on disputed funds relating to drilling contracts triggered a right to intervention). Indeed, some district courts within this circuit have employed a similar approach. *Ghazarian v. Wheeler*, 177 F.R.D. 482, 486–87 (C.D.Cal.1997) (holding that a medical provider had a right to intervene in an accident-related settlement to protect its statutory lien covering the costs of medical care provided to the plaintiff). We decline, however, to follow

this approach. A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself.

**4.** Silverwood could have applied for permissive intervention, which does not impose a requirement that the interest of the intervenor relate to the underlying claims of the litigation, but did not do so.

environmental enforcement action brought by the United States.

### D. Practical Impairment

 The United States contends that even if Silverwood met the other criteria for intervention, Silverwood's interests will not be practically impaired if its motion to intervene is not granted. In particular, the United States emphasizes that Alco, Alisal's largest subsidiary, is not subject to the receivership, and the district court has "set up a process for addressing claims that is adequate to protect Silverwood's interests."

It is true that the district court's order does not preclude Silverwood from seeking enforcement of its judgment lien and only requires that Silverwood seek court approval of its efforts. Other circuits have denied intervention as of right in instances where a summary claims process, used by the receiver, and reviewed by the district court, offered adequate due process to other interested parties. *See Commodity Futures Trading Comm'n. v. Chilcott Portfolio Mgmt., Inc.,* 725 F.2d 584, 586 (10th Cir.1984); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.,* 736 F.2d 384, 386 (7th Cir. 1984).

We find this reasoning persuasive and hold that Silverwood's interests are not impaired because the court has established other means by which Silverwood may protect its interests.

### E. Timeliness

 The district court held that the motion by Silverwood to intervene was untimely. Timeliness is a flexible concept; its determination is left to the district court's discretion. *Dilks v. Aloha Airlines,* 642 F.2d 1155, 1156 (9th Cir.1981). "An abuse of discretion occurs if the district court bases its decision on an errone-

ous legal standard or on clearly erroneous findings of fact." *Smith v. Marsh,* 194 F.3d 1045, 1049 (9th Cir.1999) (quoting *Coalition for Economic Equity v. Wilson,* 122 F.3d 692, 701 (9th Cir.1997) *(internal quotation marks omitted))*.

 Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1119 (9th Cir.2002).

#### 1. The stage of the proceedings

 In denying Silverwood's motion to intervene as untimely, the district court found that Silverwood waited until the proceedings were four years old to move to intervene. The district court noted that at the time Silverwood moved for intervention, "motions for partial summary judgment as to the bulk of the claims and a one-day bench trial on the remaining fraudulent conveyance claim [were] scheduled for next week." Thus, Silverwood moved to intervene at an advanced stage of the litigation.

 Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention. *Oregon,* 745 F.2d at 552. Here, Silverwood contends that it was inappropriate for it to intervene before the remedies phase of the litigation because it was only at this stage that its interests were implicated.

Prior cases suggest that a party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit. *See id.; Forest Conservation Council,* 66 F.3d at 1495(stating that "third parties have been granted leave

to intervene only in the remedial phase of a case"); *Harris v. Pernsley,* 820 F.2d 592, 599 (3d Cir.1987) (noting that "[g]iven the nature of an applicant's interest, he or she may have a sufficient interest to intervene as to certain issues in an action without having an interest in the litigation as a whole").

■ Nonetheless, a party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored. *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir.1990) (upholding denial of intervention where applicant sought to intervene not to participate in remedial phase of litigation but to attack a fish management plan approved by the court). Here, Silverwood seeks to intervene primarily to contest a possible award of damages to the United States. Given the discretion of the district court to "control proceedings before it," the district court did not abuse its discretion in finding that Silverwood's motion to intervene came too late in the proceedings. *Id.*

### 2. Prejudice to the parties

■ The district court found that the parties would be greatly prejudiced if Silverwood's motion to intervene was granted. In particular, the court noted that intervention would inject new issues into the litigation that "at this late date would prejudice the parties." In evaluating prejudice, courts are concerned when "relief from long-standing inequities is delayed." *Alaniz v. Tillie Lewis Foods,* 572 F.2d 657, 659 (9th Cir.1978); *Cal. Dep't. of Toxic Substances Control,* 309 F.3d at 1119 (holding that granting a motion to intervene in a long-litigated environmental action would, among other things, "unnecessarily prolong the litigation, threaten the parties' settlement, and further delay

cleanup and development of the [Landfill]") (alteration in the original).

In the past, we have affirmed the denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreements or delicate consent decrees. *See County of Orange v. Air California,* 799 F.2d 535, 538 (9th Cir.1986) (denying a motion to intervene after a settlement was reached after five years of litigation and the negotiations were well publicized so that the applicant should have been on notice its interests might be impacted); *Alaniz,* 572 F.2d at 658(denying a motion to intervene two and a half years after suit was filed and seventeen days after a consent decree had become effective because the potential intervenors knew or should have known of continuing negotiations concerning the settlement agreement).

Intervention has been denied even at the pretrial stages when "a lot of water [has] passed under ... [the] litigation bridge." *Smith,* 194 F.3d at 1050(quoting *League of Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1303 (9th Cir.1997)). Intervention, however, has been granted after settlement agreements were reached in cases where the applicants had no means of knowing that the proposed settlements was contrary to their interests. *See Forest Conservation Council,* 66 F.3d at 1499 (holding that motion to intervene was not untimely even though settlement had been reached because the mediation proceedings had been conducted confidentially and the settlement negotiations were not conducted in open court).

Here, Silverwood seeks to intervene in the remedies phase of a case that has been litigated for four years. There is no evidence that Silverwood was unaware of the proceedings. Indeed, the record supports the finding that Silverwood was keenly aware of the litigation throughout its lifes-

pan. Silverwood's complaint for intervention states that Silverwood "frequently communicated" with the counsel for the United States "about the status of pending proceedings."

Silverwood's intervention could complicate and delay long standing efforts by the United States to ensure safe drinking water on behalf of the public. Moreover, to the extent relevant, the prejudice to Silverwood from being denied intervention is ameliorated by the fact that the district court did not bar Silverwood from enforcing its judgment against Alisal, but only required that it seek court permission first.[5]

### 3. Reasons for and Length of Silverwood's Delay

The district court found that Silverwood "has not explained why it delayed so long before ... [attempting] ... to intervene." On appeal, however, Silverwood contends that it did not move to intervene sooner because it was not aware until late in the proceedings that its interests might be impaired.

Silverwood argues that it did not realize its interests were adverse to the United States because it thought that its recorded lien against Alisal gave it priority over rival creditors. Silverwood contends that it first became aware that the United States might assert priority as a rival creditor during a phone conversation on May 9, 2002, in which an attorney for the United States informed Silverwood that it intended to assert priority under the Federal Priority Act, 31 U.S.C. § 3713 (2000).[6] Silverwood also contends that it could not have intervened earlier because it was incurring significant financial expenses in its own judicial proceedings to enforce its judgment against Alisal.

■ To the extent that Silverwood did not raise these arguments before the district court, we will not consider them. "As a general rule, [appellate courts] ... will not consider arguments that are raised for the first time on appeal." *Smith*, 194 F.3d at 1052. A review of Silverwood's filings in the district court indicates that its explanation for its delay in seeking intervention was not presented to the district court. Thus, on the basis of the materials before it, the district court correctly determined that Silverwood had offered "no adequate explanation for [its] ... delay in seeking intervention." *See id.*

■ Furthermore, even if these arguments were properly raised, they are not persuasive. A party must intervene when he "knows or has reason to know that his interests might be adversely affected by the outcome of litigation." *Oregon*, 913 F.2d at 589. The United States requested substantial civil penalties against Alisal in its third amended complaint, filed with the district court on August 15, 2001. Thus, Silverwood was on constructive notice of the United States' potentially adverse interest in August 2001.

■ Moreover, the expense of conducting its own proceedings against Alisal does not excuse Silverwood's delay. An appli-

---

5. Indeed, Silverwood is not restricted from claiming an interest in Alco, Silverwood's largest subsidiary, because Alco was not included in the property that was made subject to the receivership. Even if Alco is subsequently incorporated as part of the property subject to the receivership, Silverwood still has the right to assert an interest in the property.

6. The Federal Priority Act "gives first priority ... to the United States ... [in certain proceedings against] ... an insolvent entity's estate." *Ruthardt v. United States*, 303 F.3d 375, 379 (1st Cir.2002).

cant's desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay. To hold otherwise would encourage interested parties to impede litigation by waiting to intervene until the final stages of a case. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us,* 62 F.3d 1217, 1221–22 (9th Cir.1995) (citing *Banco Popular v. Greenblatt,* 964 F.2d 1227, 1234(1st Cir.1992) (stating that "it seems inequitable to allow a latecomer, who fiddled while Rome burned, to collect a share of the fire insurance")).

Because the district court properly considered the relevant factors and resolved them against Silverwood, we hold that the district court did not abuse its discretion when it denied Silverwood's motion to intervene on the ground that it was untimely.

### F. Inadequate Representation

 Since Silverwood's motion for intervention as of right fails on other grounds, it is not necessary to consider at length whether Silverwood's interests will be adequately represented by the parties to the litigation. Although the government is a competing creditor for Alisal's property, Silverwood may protect its interests through the procedures established by the receiver and the district court. Thus, even if the parties to the litigation do not adequately represent Silverwood's interests, Silverwood nonetheless has the opportunity to protect itself.

### III. Conclusion

For the foregoing reasons, the district court's judgment denying Silverwood's motion to intervene as of right is **AFFIRMED.**