**UNITED STATES of America; et al., Plaintiffs,**

and

**Miro J. Satalich, ex rel., Plaintiff— Appellant,**

v.

**CITY OF LOS ANGELES, Defendant—Appellee.**

No. 05–55483.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

Miro J. Satalich, Phoenix, AZ, for Plaintiff-Appellant.

Robert Cramer, Esq., Office of the City Attorney, Los Angeles, CA, for Defendant-Appellee.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Miro J. Satalich appeals pro se the district court's dismissal of his action under the False Claims Act, in which he sought a default judgment against the City of Los Angeles ("the City"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we may affirm on any ground

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

supported by the record. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001).

Satalich's action is premised on his claim that he was entitled in 1999 to intervene in *United States of America v. City of Los Angeles,* USDC No. 77–3047–HP (C.D.Cal.), an action the United States filed in 1977 against the City regarding its discharge of wastewater into Santa Monica Bay. That action resulted in an amended consent decree in 1987, and was closed in 2000, without a ruling on Satalich's motion to intervene. Nothing in the record before us indicates that Satalich ever asserted, let alone established, the basis for his right to intervene in the underlying litigation. *See United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir.2004) (discussing requirements for intervention as of right); *Hook v. State of Ariz., Dep't. of Corr.,* 972 F.2d 1012, 1014–15 (9th Cir.1992) (discussing requirements for standing to enforce a consent decree). For this reason, and those set forth in the district court's February 7, 2005 order, we conclude the court properly dismissed the action with prejudice.

Satalich's remaining contentions also lack merit.

AFFIRMED.