In re: **11541 ARROYO AVENUE, SANTA ANA, CALIFORNIA 92705.**

**Ronald S. Katz,** Claimant–Appellant,

**A. Lavar Taylor Law Offices,** Claimant–Appellee,

v.

**United States of America,** Intervenor–Appellee.

In re: **11541 Arroyo Avenue, Santa Ana, California 92705.**

**CTC Real Estate Services,** Petitioner,

and

**Ronald S. Katz,** Claimant–Appellant,

**A. Lavar Taylor Law Offices,** Claimant–Appellee,

v.

**United States of America,** Intervenor–Appellee.

Nos. 05–55346, 05–55791.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed April 4, 2007.

Mark Egerman, Esq., Egerman & Brown, Beverly Hills, CA, for Claimant–Appellant.

604

A. Lavar Taylor, Esq., Robert S. Horwitz, Esq., Law Offices of A. Lavar Taylor, Santa Ana, CA, for Claimant–Appellee.

Karen G. Gregory, Esq., U.S. Department of Justice, Washington, DC, for Intervenor–Appellee.

Before: FERGUSON, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Claimant Ronald S. Katz ("Katz") appeals the district court's order denying his motion for summary judgment and granting claimant Law Offices of A. Lavar Taylor, Inc.'s ("Taylor") motion for summary judgment. The district court denied Katz's attempt to add the claim of Allan and Elizabeth Bidwell ("Bidwells"), which he had acquired through a last-minute deal, to his claim for the surplus proceeds from a foreclosure sale of real property located in Santa Ana, California. Katz argues that the claim he attempted to add was timely filed. We **AFFIRM**.

It was within the district court's discretion to refuse to allow Katz to file a late claim on the Bidwell's behalf. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir.2004) (holding district court has discretion to control proceedings before it). Katz has failed to demonstrate that the Bidwells received improper or ineffective notice under CALIFORNIA CIVIL CODE § 2924j(d).

The Bidwells responded to the initial notice from the trustee CTC Real Estate Services, following the foreclosure sale. However, they took no further action.

The statute requires that the trustee inform the claimants that he "intends to deposit the funds with the clerk of the court" and "that a claim for the funds must be filed with the court within 30 days from the date of the notice." § 2924j(d). The statutory language clearly delineates that the claimant "must" file a claim. The Bidwells received this notice, yet they did not file a claim. The mere fact that the Bidwells complied with an earlier part of the statute or that the Bidwell's initial response was included in the voluminous paperwork the trustee submitted to the court is insufficient to uphold Katz's assertion that the court should have been aware of the Bidwells' claim.

Moreover, the record does not support a contention that the Bidwells were aware of the fifteen-day clause in the statute. They were only aware of their obligation to file a claim within thirty days of the written notice that they received and chose to ignore. This case is very different from one where the equities point toward allowing an untimely claim. *See, e.g., U.S. v. Real Property at 2659 Roundhill Dr. Alamo, CA,* 194 F.3d 1020, 1024 (9th Cir.1999). Here, Katz is attempting to assert a twelfth-hour claim on behalf of the Bidwells who allowed their claim to sit idle for months. The district court need not entertain such a claim. *See Alisal Water Corp.,* 370 F.3d at 922. The district court considered the various equities in the case and concluded that they weighed in favor of Taylor. This decision was within the court's discretion.

**AFFIRMED.**

---

\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.