**Virgil E. DAY; Mel Hoomanawanui; Josiah L. Hoohuli; Patrick L. Kahawaiolaa; Samuel L. Kealoha, Jr., Plaintiffs**

**and**

**Wendell Marumoto, Plaintiff– intervenor—Appellant,**

**v.**

**Haunani APOLIONA, individually and in her official capacity as Chairperson and Trustee of the Office of Hawaiian affairs; Rowena Akana; Dante Carpenter; Donald Cataluna; Linda Keawe'ehu Dela Cruz; Colette Y. Pi'ipi Machado; Boyd P. Mossman; Oswald K. Stender; John D. Waihee, IV, Trustees of the Office of Hawaiian Affairs of the State of Hawaii sued in their official capacities for declarato-**

by 9th Cir. R. 36–3.

**122**

ry and prospective injunctive relief sued in individual capacities for damages; Clayton Hee; Charles Ota, Former Trustees of the Office of Hawaiian Affairs of the State of Hawaii, sued in their individual capacities for damages, Defendants—Appellees,

and

**State of Hawaii, Defendant–intervenor—Appellee.**

No. 08–16668.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.[*]

Filed Oct. 16, 2009.

Walter R. Schoettle, Walter R. Schoettle, A Law Corporation, Honolulu, HI, for Plaintiffs.

Lisa Williams Cataldo, Esquire, Robert G. Klein, Esquire, McCorriston Miller Mukai MacKinnon LLP, Charleen M. Aina, Esquire, Deputy Attorney General, AGHI–Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

William Joseph Wynhoff, Deputy Attorney General, AGHI–Office of the Hawaii Attorney General, Honolulu, HI, for Defendant–intervenor–Appellee.

H. William Burgess, Esquire, H. William Burgess, Attorney at Law, Honolulu, HI, for Plaintiff–intervenor–Appellant.

Before: BEEZER, GRABER and FISHER, Circuit Judges.

MEMORANDUM [**]

Wendell Marumoto appeals from the district court's denial of his motion to intervene as of right under Federal Rule of Civil Procedure 24(a). We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 802 (9th Cir.2002), and we affirm.

The district court properly denied Marumoto's motion to intervene because he does not establish that the disposition of the action may as a practical matter impair or impede his ability to protect his interests. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir.2004). He does not contend that he would be bound by any decision in this case or that, by virtue of stare decisis, a proper party would be precluded from raising his challenges to the State's actions in a separate action.

Marumoto lacks standing to appeal from the district court's summary judgment because he is not a party to this action, did not participate in the summary judgment proceedings in the district court and has not shown that the equities weigh in favor of permitting him to appeal. *See S. Cal. Edison Co.*, 307 F.3d at 804.

Marumoto's motion to supplement the record is denied.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.