NOT FOR PUBLICATION

APR 27 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PRESTON D. MARSHALL, AKA Trent D. Farmer; et al., | No. 10-17170 |
| Plaintiffs - Appellees, | D.C. No. 3:10-cv-01665-SI |
| v. | |
| KEVIN B. WILLIAMS, | MEMORANDUM[*] |
| Intervenor - Appellant, and | |
| JOHN HUFFMAN, IV, Real Content Media Group; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Kevin B. Williams appeals pro se from the district court's order denying his motion to intervene in a copyright infringement action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of intervention as of right, and for an abuse of discretion the denial of permissive intervention. *Prete v. Bradbury*, 438 F.3d 949, 953-54 & n.6 (9th Cir. 2006). We affirm in part and dismiss in part.

The district court properly denied Williams' motion for intervention as of right under Fed. R. Civ. P. 24(a)(2) because Williams had other means of protecting his stated interest. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 440, 442 (9th Cir. 2006) (setting forth four-part test for determining intervention as of right, and explaining that the proposed intervenors' interests might not be impaired if they have other means to protect them); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met.").

The district court did not abuse its discretion by denying Williams' motion for permissive intervention because Williams sought to raise a new state-law claim for which there was no "independent grounds for jurisdiction." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (listing "threshold requirements" for permissive intervention); *see also Freedom from Religion Found., Inc. v. Geithner*,

644 F.3d 836, 843-44 (9th Cir. 2011) (independent-jurisdictional-grounds requirement applies to proposed intervenors in federal-question cases when they raise new state-law claims). Accordingly, we dismiss that portion of Williams' appeal concerning permissive intervention for lack of appellate jurisdiction. *See Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) ("[W]e allow appeal of the denial of a motion for permissive intervention only if the trial court abused its discretion.").

Williams' remaining contentions, including those concerning plaintiffs' late-filed opposition brief in the district court, cancellation of the hearing on his motion to intervene, and denial of his request for leave to file a motion for sanctions, are unpersuasive.

We do not consider Williams' challenges to district court orders issued after the denial of his motion to intervene because we lack appellate jurisdiction.

We deny the parties' cross-motions for sanctions and Williams' motion to strike. We reject Williams' notice of lien.

**AFFIRMED in part; DISMISSED in part.**