**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: PALOMBA WEINGARTEN, <br><br>          Debtor, <br><br> ――――――――――――――― <br><br> ILENE SUZANNE WEINGARTEN; MARC GORDON WEINGARTEN, <br><br>          Appellants, <br><br>   v. <br><br> DAVID A. GILL, <br><br>          Appellee. | No. 11-55218 <br><br> D.C. No. 2:10-cv-05648-ABC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted August 10, 2012
Pasadena, California

―――――――――――――

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and WARDLAW, Circuit Judges, and FOGEL, District Judge.[**]

Marc and Ilene Weingarten appeal the district court's order affirming the bankruptcy court's denial of their motion to intervene in a bankruptcy proceeding in which their parents and two qualified personal residence trusts are the named defendants. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

Under Federal Rule of Civil Procedure 24(a)(2),[1] a proposed intervenor must demonstrate that it has a "significant protectable interest relating to the property or transaction that is the subject of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (internal quotation marks omitted). The Weingartens have a contingent future interest in the property currently held in their mother's qualified personal residence trust (the "QPRT"). A contingent future interest is a recognized estate under California law. *See In re Zuber's Estate*, 304 P. 2d 247, 251-52 (Cal. 1956). However, because the Weingartens' interest in the QPRT property is revocable if their mother dies before the year 2027, it is not

---

[**] The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

[1] Rule 7024 of the Federal Rules of Bankruptcy Procedure makes Rule 24 applicable to bankruptcy adversary proceedings.

2

sufficiently "direct, non-contingent, [and] substantial" to justify intervention. *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156-57 (9th Cir. 1981) (per curiam). *See also Alisal*, 370 F.3d at 920 n.3 (noting that a "mere interest in property that may be impacted by litigation" is insufficient to support intervention).

Moreover, even assuming that the Weingartens have a significant protectable interest in the QPRT property, the bankruptcy court properly denied their motion to intervene because they failed to demonstrate that "the existing parties may not adequately represent [the Weingartens'] interest." *Id*. at 919 (internal quotation marks omitted). A presumption of adequate representation arises when a current party to the litigation has the same "ultimate objective" as the proposed intervenor. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The Weingartens and their parents share the same ultimate objective of defeating the Trustee's attempt to recover the QPRT property. Moreover, the Weingartens are represented by the same counsel as their father, indicating that he is "capable and willing to make" the same arguments that the Weingartens would make if they were permitted to intervene. *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).

The Weingartens have failed to demonstrate either a significant protectable interest in the QPRT property or a danger that their interests will not be adequately

3

represented if they do not intervene.  Therefore, the bankruptcy court properly

denied their motion to intervene.

**AFFIRMED.**[2]

---

[2]The Trustee's February 8, 2012 Motion to Supplement Record is granted.