FILED

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER MICHAEL PALMER, | No. 11-15486 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-08209-JAT<br>District of Arizona,<br>Phoenix |
| v. | |
| GLENN A. SAVONA, husband; et al., | |
| Defendants - Appellees. | ORDER |

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Palmer's petition for panel rehearing is granted. The memorandum disposition filed on March 15, 2012 is withdrawn. A replacement memorandum disposition will be filed contemporaneously with this order.

No further filings shall be accepted in this closed case.

FILED

**NOT FOR PUBLICATION**

SEP 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER MICHAEL PALMER, | No. 11-15486 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-08209-JAT |
| v. | |
| GLENN A. SAVONA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Peter Michael Palmer appeals pro se from the district court's order

dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution and abuse of

process  for failure to comply with court orders and failure to prosecute.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute). We vacate and remand.

The district court abused its discretion in dismissing the action where there was no prejudice to defendants, the public interest in expeditious resolution of litigation was not implicated because the case had commenced just over two months prior to the dismissal, and the case had not been unreasonably delayed. *See Henderson*, 779 F.2d at 1423 (listing factors to guide the court's decision whether to dismiss for failure to prosecute).

We decline to address issues raised for the first time on appeal, including Palmer's challenge to the district court's order directing service of process by the U.S. Marshal. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (noting general rule that courts of appeal will not consider arguments raised for the first time on appeal).

Palmer shall bear his own costs on appeal.

**VACATED and REMANDED.**