NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL LINDBLOM, | No. 18-16393 |
| Plaintiff-Appellee, | D.C. No. 1:15-cv-00990-BAM |
| v. | |
| SANTANDER CONSUMER USA, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| VICKI BLAKELY; et al., | |
| Movants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Submitted June 3, 2019**
Seattle, Washington

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

This case concerns Movants' motions for permissive intervention. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's denial of permissive intervention.

The district court acted within its broad discretion when it denied Movants' motion for permissive intervention as untimely under Federal Rule of Civil Procedure 24(b). *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). The district court identified and applied the correct legal rule to determine whether the motions for permissive intervention were timely, *see United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc), by analyzing "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay," *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (internal quotation marks omitted).

Contrary to Movants' assertion, *American Pipe* and *China Agritech* are irrelevant to Movants' claims that the district court abused its discretion in denying their motions for permissive intervention. *See China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 562 (1974) (Blackmun, J., concurring) (noting that the proposed intervenors may be barred from intervention "if the district judge, in his discretion, concludes that the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties'" (quoting Fed. R. Civ. P. 24(b))). Further, Movants' argument that they will be prejudiced if not allowed to intervene is irrelevant to the prejudice

2

inquiry, in which the court considers the potential harm suffered by the *original* parties to the suit. Fed. R. Civ. P. 24(b)(3).

The district court's conclusion that Movants' motions for intervention were untimely was neither illogical nor implausible, and it was based on inferences that may be drawn from the record. *Hinkson*, 585 F.3d at 1262.

**AFFIRMED.**