NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BART STADNICKI, Derivatively and on Behalf of Nominal Defendant LendingClub Corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> RENAUD LAPLANCHE; et al., <br><br> Defendants-Appellees, <br><br> v. <br><br> JEREMY SAWYER, Proposed Intervenor, <br><br> Movant-Appellant. | No. 18-16908 <br><br> D.C. No. 3:16-cv-03072-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 3, 2020
San Francisco, California

Before: PAEZ and BEA, Circuit Judges, and JACK,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Appellant and Proposed Intervenor Jeremy Sawyer appeals the district court's order denying his motion to intervene in this shareholder derivative action. The denial of a motion to intervene as of right is a final appealable order under 28 U.S.C. § 1291. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011). The district court's order granting Appellee Bart Stadnicki's motion to voluntarily dismiss the case does not moot Sawyer's appeal, as Sawyer seeks to keep the case "alive" by intervening. *See Canatella v. California*, 404 F.3d 1106, 1109 n.1 (9th Cir. 2005). For the following reasons, we affirm.[1]

An applicant for mandatory intervention under Federal Rule of Civil Procedure 24(a)(2) must establish four elements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to . . . the subject of the action," (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

*Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011)

---

[1] We grant the parties' requests for judicial notice (Dkt. Nos. 16, 30, and 49), which seek notice of court filings in related lawsuits and also of LendingClub Corporation's filings with the Securities and Exchange Commission ("SEC"). *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).

[hereinafter "*FFRF*"]). We review de novo the district court's denial of a motion to intervene as of right, except that we review a determination of the timeliness element for abuse of discretion. *Id.* Our review is guided "primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

The district court did not abuse its discretion in denying Sawyer's motion as untimely. "Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" *Smith*, 830 F.3d at 854 (quoting *Alisal Water*, 370 F.3d at 919); Fed. R. Civ. P. 24(a). In denying Sawyer's motion, the district court relied on the first and third factors, focusing especially on Sawyer's failure to explain his lengthy delay[2] before seeking intervention. As to the first factor, we are not persuaded that the district court abused its discretion in determining that the proceedings were at a "very advanced

---

[2] Sawyer moved to intervene on May 18, 2018, more than eighteen months after the company filed its Form 10-Q with the SEC informing shareholders about the status of this lawsuit, and nearly two years after Sawyer's counsel first learned of this lawsuit. Sawyer does not provide any compelling reason to adopt some later date against which the timeliness of his motion should be measured. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

3

stage," especially in light of the court's final approval of a settlement in a related federal securities class action. Although prejudice to the parties is "the most important consideration," a finding of no prejudice is not required to deny intervention. We have repeatedly emphasized that timeliness must be evaluated by "the totality of the circumstances" and "with a focus on" these "three primary factors." *See Smith*, 830 F.3d at 854; *Alisal Water*, 370 F.3d at 921 (explaining that "[t]imeliness is a flexible concept").

Finally, Sawyer provides no authority for the proposition that the district court should have somehow "balanced" Rule 24's requirements for intervention with the policy promoting substitution underlying Rule 23.1. To be sure, Rule 23.1's requirement of court-approved notice to shareholders serves to "protect the corporation and its shareholders in the event that plaintiff becomes faint hearted prior to the litigation's completion and willing to settle the action even though it might not be in the best interests of all concerned." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1839 (3d ed.). But as noted, Sawyer had constructive and actual notice of this lawsuit, and of Stadnicki's desire to dismiss it, long before Sawyer moved to intervene. Thus, even in light of Rule 23.1's purpose, the district court did not abuse its discretion.

For the foregoing reasons, we conclude that the district court did not abuse its discretion in finding that Sawyer's motion was untimely. Because Sawyer's

4

failure to satisfy this element is fatal to his motion for intervention as of right, *see FFRF*, 644 F.3d at 841; Fed. R. Civ. P. 24(a), we need not consider the district court's additional basis for denying the motion. And because timeliness is analyzed even more strictly for a motion for permissive intervention, Sawyer's alternative request for permissive intervention is necessarily untimely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997); Fed. R. Civ. P. 24(b).

Because Sawyer is not a proper party to this lawsuit, we need not address his challenge to the district court's order granting Stadnicki's motion to voluntarily dismiss the case. *See United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237 (9th Cir. 2020) (explaining that, unless "exceptional circumstances" exist, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment").

AFFIRMED.

5