**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. SECURITIES & EXCHANGE
COMMISSION,

            Plaintiff-Appellee,

   v.

MATTHEW WADE BEASLEY; et al.,

            Defendants,

   v.

OMID SHAHABE; KRISTIE YOUNG,
Proposed Intervenors,

            Movants-Appellants,

------------------------------

GEOFF WINKLER,

            Receiver-Appellee.

No.    23-15512

D.C. No.
2:22-cv-00612-CDS-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Appellants Omid Shahabe and Kristie Young appeal the district court's order denying their motion to intervene. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291, *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998), and we affirm in part and dismiss in part.

A district court's denial of intervention as of right "is reviewed *de novo*, except that its timeliness determination is reviewed for abuse of discretion." *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016)). "'A court abuses its discretion if it fails to apply the correct legal rule or standard' or if its 'application of that rule was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *Smith*, 830 F.3d at 853-54). A court has jurisdiction over a denial of permissive intervention "only if [it] conclude[s] the district court abused its discretion." *Cooper v. Newsom*, 13 F.4th 857, 868 (9th Cir. 2021). "If the district court did not abuse its discretion, we must dismiss the appeal for lack of jurisdiction." *Id.*

1. We first address intervention as of right. A putative intervenor is entitled to intervene as of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2)

where it: "(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022) (quoting *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020)). Timeliness is determined by "the totality of the circumstances," with a focus on three primary factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith*, 830 F.3d at 854 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). Each factor is assessed "by reference to the 'crucial date' when 'proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'" *Kalbers*, 22 F.4th at 822 (quoting *Smith*, 830 F.3d at 854).

The district court did not abuse its discretion by finding Appellants' motion untimely. Under the circumstances presented here, Appellants should have moved to intervene in May 2022, when the SEC moved to appoint a receiver, as this was the time they should have known their interests might be adversely affected. But Appellants delayed nearly four months before moving to intervene. During that time, the stage of the proceedings had progressed substantially, with the Receiver

3

having already engaged in a considerable amount of substantive work. For instance, the Receiver had recovered more than $32 million in cash, undertaken discovery, obtained district court approval for various sales procedures, and submitted reports detailing his progress. Allowing intervention would also likely cause prejudice by disrupting the Receiver's administration of the estate. Had Appellants moved to intervene while the SEC's motion to appoint a receiver was still pending, the district court could have considered Appellants' objections and their resulting trust theory before the Receiver expended substantial time and resources. Moreover, because Appellants' resulting trust theory could be advanced by every victim of the Ponzi scheme, allowing intervention at this stage would likely upend the receivership, thereby causing harm to other investor victims. Finally, Appellants' reasons for delay—*i.e.*, investigating the scheme, reviewing documents, analyzing legal theories, and evaluating the ramifications of intervention—are unpersuasive because Appellants had adequate time to analyze the relevant facts and legal theories when intervention would have been timely. In light of the foregoing, the district court's conclusion on timeliness was not illogical, implausible, or without support in the record. *See Kalbers*, 22 F.4th at 822.

Because Appellants' motion to intervene was not timely, we need not reach the remaining elements of Rule 24. *See Perry v. Proposition 8 Off. Proponents*,

4

587 F.3d 947, 950 (9th Cir. 2009). Accordingly, we affirm the district court's denial of Appellants' request to intervene as of right.

2. A motion for permissive intervention under Rule 24(b)(1)(B) may be granted where a movant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry*, 587 F.3d at 955 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). As we concluded with respect to Appellants' request to intervene as of right, the district court did not abuse its discretion by finding Appellants' motion untimely. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (analyzing same timeliness factors "more strictly"). Because the district court did not abuse its discretion by denying Appellants' motion for permissive intervention, we dismiss this portion of the appeal. *See Cooper*, 13 F.4th at 868.

**AFFIRMED in part and DISMISSED in part.**